```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

JESSE D. POLLARD,             :      Case No. 2:13-CV-069
    Plaintiff,                :
                              :      JUDGE ECONOMUS
    v.                        :      Magistrate Judge Kemp
DEPARTMENT OF VETERANS        :
AFFAIRS, et al.,              :
                              :
    Defendants.               :

REPORT AND RECOMMENDATION

On January 25, 2013, plaintiff Jesse D. Pollard filed a pro se complaint against the United States Department of Veterans Affairs, VAOPC Columbus, Ohio, VAMC Dayton, Ohio, VAMC Cincinnati, Ohio, and VA Regional Office Cleveland, alleging monetary damages related to treatment for a medical injury.  Mr. Pollard also moved to proceed in forma pauperis.  Mr. Pollard qualifies financially for in forma pauperis status, so the motion to proceed in forma pauperis will be granted.  (Doc. #1).  For the following reasons, it will be recommended that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2).

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, the court shall dismiss the case if the action fails to state a claim on which relief can be granted.  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated under these standards.

II.

The Federal Tort Claims Act ("FTCA") bars claimants from bringing a lawsuit against the United States for monetary damages until they have exhausted their administrative remedies. 28 U.S.C. §2675(a). Accordingly, a plaintiff cannot institute a lawsuit against the United States for monetary damages based on personal injury:

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . .

Id. More specifically, a claimant may not file a lawsuit against the United States until either: (1) an agency denied relief in writing and sends its decision to the claimant by certified or registered mail or (2) an agency fails to make a final decision on the claim within six months after it is filed. Id. The need to exhaust administrative remedies is a jurisdictional requirement; consequently, if a plaintiff fails to exhaust his or her administrative remedies, then the Court lacks subject matter jurisdiction to entertain the claims. See McNeil v. United States, 508 U.S. 106, 113 (1993). That is, it simply has no power to hear the case at all.

There is no evidence before the Court that Mr. Pollard submitted his claims to the Department of Veterans Affairs prior to bringing the instant lawsuit. Because Mr. Pollard has apparently failed to exhaust his administrative remedies prior to seeking relief in this Court, he may not have satisfied the prerequisite under the FTCA. Although pro se pleadings are to be construed liberally, Mr. Pollard is still required to demonstrate that he has complied with the relevant jurisdictional

requirement.  See, e.g., F. R. Civ. P. 8(a)(1) (stating that "a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction").  Because Mr. Pollard has failed to do so, the Court recommends that the claims be dismissed for lack of subject matter jurisdiction.  Of course, if Mr. Pollard actually submitted a claim to the Department of Veterans Affairs, but neglected to mention that fact in his complaint, he may point that out in any objection he files to this Report and Recommendation.

III.

For the foregoing reasons, the Court recommends that Mr. Pollard's claims be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2) for lack of subject matter jurisdiction.

IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the

Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

4